JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-09657-JHN-SSx | Date | January 18, 2011 |
|---|---|---|---|
| Title | Cesar Morales et al v Fremont Investment & Loan et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT, COUNTY OF LOS ANGELES  (In Chambers)

On December 16, 2010, Defendants removed this action to this Court. Defendants assert that federal jurisdiction exists on the basis of a federal question. (Notice of Removal ¶ 4.)

There is a strong presumption against removal, and the party seeking removal bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. An action arises under federal law if federal law creates the cause of action for which relief is sought. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). "A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)). However, the mere naming of a federal law within a state cause of action is not sufficient to confer federal-question jurisdiction. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). For example, where a violation of a federal statute is one of several independent allegations supporting a state law cause of action, the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345–46 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Here, Defendants removed this action based on the First Amended Complaint ("FAC") Plaintiffs filed in the state-court action. However, the FAC fails to assert a single federal cause of action. The cover page of the FAC lists thirteen claims, including "Violation of Unfair Practices 15 USCS § 1692f," "Violation of Debts 15 USCS § 1692g," "Violation of RESPA 12 U.S.C. § 2607," and "Violation of Truth in Lending Act (15 U.S.C. § 1601)."[1] In the Jurisdiction and Venue section of the FAC, Plaintiffs allege "that they have claims against Defendants which include Negligence, Violation of duty of good faith,

---

[1] The remainder of the listed claims are state-law claims.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-09657-JHN-SSx | Date | January 18, 2011 |
|---|---|---|---|
| Title | Cesar Morales et al v Fremont Investment & Loan et al | | |

Violation of duties under power of sale, violations of federal statutes commonly known as: CONSUMER CREDIT PROTECTION DEBT COLLECTION PRACTICES ACT, RESPA, and TILA, with additional claims under California state law." (FAC ¶ 1.) On the basis of the cover page and this wording, Defendants could have believed that the FAC asserts federal claims. However, upon closer examination, it is clear that the FAC in actuality contains no federal claims. Contrary to the listing on the cover page, the FAC's eleven causes of action listed in the body of the complaint are named as follows: (1) gross negligence; (2) intentional violation of the duty of good faith; (3) quiet title; (4) breach of implied covenant of good faith—UCC § 1-304; (5) undue influence; (6) void and/or set aside deed of trust; (7) set aside foreclosure sale; (8) accounting; (9) fraud; (10) California Rosenthal Act; and (11) imposition of constructive trust.[2] None of these causes of action asserts a federal claim or is supported by alleged violations of federal law. Nor does any include a "substantial, disputed question of federal law" as a necessary element. *See Wander*, 304 F.3d at 858.

The Court finds the mere listing of purported federal claims on the cover page and in the statement of jurisdiction wholly inadequate as a basis for federal-question jurisdiction. The well-pleaded causes of action are not federal claims and do not otherwise confer federal jurisdiction. Accordingly, the Court finds that Defendants have failed to sustain their burden of establishing subject matter jurisdiction, and remand is necessary.

On December 22, 2010, Defendants filed a Motion to Dismiss, set for hearing on February 7, 2011. (Docket no. 3.) **As the Court's order moots Defendants' motion, the February 7 hearing is VACATED. The action is hereby REMANDED to the Superior Court of California for the County of Los Angeles.**

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[2] Because of misnumbering in the FAC, the sixth through eleventh causes of action are identified as the eighth through thirteenth causes of action.